**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 14-cv-02006-REB-MJW

BRIANNA WALTERS,

    Plaintiff,

v.

S & F HOLDINGS LLC, dba "WILLOW RIDGE MANOR,"
GREGORY SARGOWICKI,
JASON SCHUH, and
STACIE SCHUH,

    Defendants.

**ORDER ADOPTING IN PART AND REJECTING IN PART THE
RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

**Blackburn, J.**

The matters before me are (1) **Defendants S & F Holdings LLC DBA Willow Ridge Manor and Gregory Sargowicki's Motion to Dismiss for Failure to State a Claim Pursuant to Fed. R. Civ. P. 12(b)(6)** [#16][1] filed September 19, 2015; (2) **Jason and Stacie Schuh's Joinder in Defendants S & F Holdings LLC DBA Willow Ridge Manor and Gregory Sargowicki's Motion to Dismiss for Failure to State a Claim Pursuant to Fed. R. Civ. P. 12(b)(6)** [#25] filed September 29, 2014; (3) **Plaintiff's Motion to Amend and for Partial Summary Judgment** [#36] filed April 30, 2015; and (4) the **Recommendation on (1) Plaintiff's Motion To Amend (Docket No. 36), (2) Defendants S & F Holdings LLC DBA Willow Ridge Manor and Gregeory**

---

[1] "[#16]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

**Sargowicki's Motion To Dismiss for Failure To State a Claim Pursuant to Fed. R. Civ. P. 12(B)(6) (Docket No. 16), and (3) Jason and Stacie Schuh's Joinder in Defendants S & F Holdings LLC DBA Willow Ridge Manor and Gregory Sargowicki's Motion To Dismiss for Failure To State a Claim Pursuant to Fed. R. Civ. P. 12(B)(6) (Docket No. 25)** [#47] filed July 13, 2015.  The defendants filed objections [#48] to the recommendation.

As required by 28 U.S.C. § 636(b), I have reviewed *de novo* all portions of the recommendation to which objections have been filed, and have considered carefully the recommendation, the objections, and the applicable case law. I approve and adopt the recommendation in part and respectfully reject it in part.  I overrule the objections of the defendants.  I grant motions to dismiss in part and deny them in part, and I deny the motion to amend.

This summary of facts is based on the allegations in the amended complaint [#6]. On July 28, 2012, the plaintiff, Brianna Walters, was attending the wedding of the defendants, Jason and Stacie Schuh (Schuh Defendants). The wedding was held at the Willow Ridge Manor, which is owned by defendants S & F Holdings, LLC and Gregory Sargowicki (Manor defendants).  Jason and Stacie Schuh were "utilizing or leasing the premises from" the Manor defendants. *Amended complaint* [#6], p. 3.  Ms. Walters was bitten by a rattlesnake while she was in the parking lot of Willow Ridge Manor.  As a result of the snake bite, she suffered severe, debilitating injuries and incurred prodigious medical expenses.

In her amended complaint [#6], Ms. Walters asserts four causes of action: (1) Ms. Walters was an invitee on the premises and her injuries were caused by the defendants' negligence in permitting an unreasonably dangerous condition to exit,

negligent failure to remedy such condition, and negligent and willful failure to warn of rattlesnakes on the property; (2) the defendants wilfully and wantonly operated a location to host events yet failed to maintain a safe environment; (3) *respondeat superior* – the defendants are liable for the negligence of each other because employees and/or agents of each defendant were acting in the course and scope of their employment with defendants at all relevant times; and (4) joint enterprise - alternatively, the defendants are liable of the negligence of each other because they operated a joint enterprise.

## I.  MOTIONS TO DISMISS

The defendants move to dismiss under Fed. R. Civ. P. 12(b)(6), arguing that the allegations in the amended complaint [#6] are not sufficient to state a claim on which relief can be granted.  In his recommendation [#47], the magistrate judge notes that Ms. Walters has not pled explicitly a claim under the Colorado Premises Liability Act (PLA) §13-21-115, C.R.S.  However, the PLA is "the sole codification of landowner duties in tort" under Colorado law.  **Lombard v. Colorado Outdoor Educ. Center, Inc.**, 187 P.3d 565, 574 (Colo. 2008).

Under the PLA, a landowner includes, without limitation, an authorized agent, a person in possession of real properly, a person legally responsible for the condition of real property, and a person responsible for activities or circumstances existing on real property. §13-21-115(1), C.R.S.  The PLA defines the duties owed by a landowner to trespassers, licensees, and invitees. §13-21-115(3), C.R.S.  In the amended complaint, Ms. Walters alleges she was an invitee on the premises for which the defendants were responsible, but she does not allege specific facts which demonstrate that she was an invitee. *Amended complaint* [#6], p. 3.  If Ms. Walters was at the wedding as a social

3

guest, she was a licensee under the PLA. §13-21-115(5)(b), C.R.S. If she was at the wedding to transact business, she was an invitee under the PLA. §13-21-115(5)(a), C.R.S. In the recommendation, the magistrate judge outlines further these categories and the associated duties under the PLA.

According to the Schuh Defendants, the allegations in the complaint do not support the contention that the Schuhs are landowners under the PLA. Contrastingly, the Manor Defendants concede they are landowners. All defendants argue that the allegations in the complaint are not sufficient to allege that any defendant owed a negligence-based duty to Ms. Walters. On these issues, and after *de novo* review, I concur with the analysis and conclusions of the magistrate judge. As to each of the defendants, Ms. Walters has alleged facts sufficient to state a claim under the PLA. This is true despite the fact that Ms. Walters does not plead a PLA claim explicitly in her amended complaint [#6].

However, the court is not bound by the formal designation given a claim by the plaintiff; the factual allegations are what matter.

> As a general rule, a plaintiff should not be prevented from pursuing a valid claim just because she did not set forth in the complaint a theory on which she could recover, provided always that a late shift in the thrust of the case will not prejudice the other party in maintaining his defense upon the merits. The purpose of "fact pleading," as provided by Fed.R.Civ.P. 8(a)(2), is to give the defendant fair notice of the claims against him without requiring the plaintiff to have every legal theory or fact developed in detail before the complaint is filed and the parties have opportunity for discovery.

***Evans v. McDonald's Corp.***, 936 F.2d 1087, 1090-91 (10th Cir. 1991) (internal quotations and citations omitted). In this case, the facts plead by Ms. Walters are sufficient to give the defendants fair notice of the bases for the claims against them under the PLA.

The magistrate judge recommends that the motions to dismiss be granted as to the claims for negligence alleged in the amended complaint [#6] because those claims are not asserted explicitly under the PLA. Relatedly, he recommends that Ms. Walters be granted leave to file an amended complaint to plead claims under the PLA. However, trial of this case is set to begin in less than four weeks. The proximity of trial, constrains me to conclude that it would be inefficacious to require Ms. Walters to file an amended complaint – even on an expedited basis. The parties are aware of the factual allegations of Ms. Walters and the evidence revealed in discovery. The parties also are aware of the terms of the PLA. Given these circumstances, I find and conclude that the defendants have fair notice of the claims against them and that amendment of the complaint is not necessary. Rather, in preparing a proposed Final Pretrial Order, Ms. Walters shall define her negligence claims to fit within the framework of the PLA.

Given the totality of these circumstances, I will grant the motions to dismiss of the defendants as to any negligence claim asserted by Ms. Walters on any basis other than the PLA. Simultaneously, I will deny the motions to dismiss as to the PLA claims of Ms. Walters against the defendants. None of the defendants argues that the *respondeat superior* or joint enterprise theories of Ms. Walters are subject to dismissal under Fed. R. Civ. P. 12(b)(6). To the extent these theories are applicable under the PLA, liability based on these theories must be resolved at trial.

## II.  MOTION TO AMEND

Ms. Walters filed a combined motion to amend and motion for partial summary judgment [#36]. I have resolved the motion for summary judgment in a separate order. *See* **Order Denying Motion for Partial Summary Judgment** [#61] filed August 5, 2015. Ms. Walters seeks permission to amend her complaint to add a claim for breach

5

of contract and a claim for exemplary damages. She claims facts revealed in discovery show that she is a third-party beneficiary of the contract between the Schuh Defendants and the Manor Defendants. She claims also that the evidence now supports a claim that the defendants engaged in willful and wanton conduct, which warrants exemplary damages.

As to the motion to add a breach of contract claim, I agree with the analysis of the magistrate judge. Ms. Walters has not shown good cause to extend the deadline in the scheduling order for amendment of the pleadings. Ms. Walters has had extended access to the contract in question, a contract mentioned in her complaint, yet she did not seek to amend her complaint to add a contract claim until nearly five months after the deadline for amendment of pleadings. Given the circumstances detailed by the magistrate judge, Ms. Walters has not shown good cause to extend the deadline for amendment of pleadings concerning her proposed contract claim.

Turning to the proposed claim for exemplary damages, the magistrate judge recommends that the motion to amend be denied because this proposed claim is futile. Under Colorado law, willful and wanton conduct is "conduct purposefully committed which the actor must have realized as dangerous, done heedlessly and recklessly, without regard to consequences, or the rights and safety of others, particularly the plaintiff." §13-21-102(1)(b). , C.R.S. "Willful and wanton conduct is purposeful conduct committed recklessly that exhibits an intent consciously to disregard the safety of others. Such conduct extends beyond mere unreasonableness." ***U.S. Fire Ins. Co. v. Sonitrol Mgmt. Corp.***, 192 P.3d 543, 549 (Colo. App. 2008) (internal quotation and citation omitted). The magistrate judge found that Ms. Walters has offered nothing to show that any of the defendants wilfully and wantonly acted or failed to act with regard

6

to the rattlesnake risk on the property. As a result, the magistrate judge concluded that the proposed claim for exemplary damages is futile. I concur with this analysis and, thus, will deny the motion to amend to add a claim for exemplary damages.

### III. CONCLUSION & ORDERS

The factual allegations in the amended complaint [#6] are sufficient to state negligence claims under the Colorado PLA against all defendants. Therefore, the motions to dismiss are denied as to negligence claims implicating the PLA.

However, the PLA is the sole codification of landowner duties in tort. Therefore, the motions to dismiss are granted as to negligence claims asserted by the plaintiff other than claims under the PLA. The plaintiff shall not be required to file an amended complaint. Rather, in preparing a proposed Final Pretrial Order, the plaintiff shall define her claims to fit within the framework defined by the PLA.

Finally, the motion to amend the complaint is denied.

**THEREFORE, IT IS ORDERED** as follows:

1. That the **Recommendation on (1) Plaintiff's Motion To Amend (Docket No. 36), (2) Defendants S & F Holdings LLC DBA Willow Ridge Manor and Gregeory Sargowicki's Motion To Dismiss for Failure To State a Claim Pursuant to Fed. R. Civ. P. 12(B)(6) (Docket No. 16), and (3) Jason and Stacie Schuh's Joinder in Defendants S & F Holdings LLC DBA Willow Ridge Manor and Gregory Sargowicki's Motion To Dismiss for Failure To State a Claim Pursuant to Fed. R. Civ. P. 12(B)(6) (Docket No. 25)** [#47] filed July 13, 2015, respectfully is rejected to the extent the magistrate judge recommends that the plaintiff be required to file an amended complaint pleading her claims under the Colorado Premises Liability Act;

2. That in preparing a proposed Final Pretrial Order, the plaintiff shall define her

7

negligence claims to fit within the framework required under the Colorado Premises Liability Act;

3. That otherwise, the **Recommendation on (1) Plaintiff's Motion To Amend (Docket No. 36), (2) Defendants S & F Holdings LLC DBA Willow Ridge Manor and Gregeory Sargowicki's Motion To Dismiss for Failure To State a Claim Pursuant to Fed. R. Civ. P. 12(B)(6) (Docket No. 16), and (3) Jason and Stacie Schuh's Joinder in Defendants S & F Holdings LLC DBA Willow Ridge Manor and Gregory Sargowicki's Motion To Dismiss for Failure To State a Claim Pursuant to Fed. R. Civ. P. 12(B)(6) (Docket No. 25)** [#47] filed July 13, 2015, is approved and adopted as an order of this court;

4. That the objections [#48] of the defendants to the recommendation are overruled;

5. That **Defendants S & F Holdings LLC DBA Willow Ridge Manor and Gregory Sargowicki's Motion to Dismiss for Failure to State a Claim Pursuant to Fed. R. Civ. P. 12(b)(6)** [#16] filed September 19, 2015, is denied as to negligence claims of the plaintiff under the Colorado Premises Liability Act;

6. That **Defendants S & F Holdings LLC DBA Willow Ridge Manor and Gregory Sargowicki's Motion to Dismiss for Failure to State a Claim Pursuant to Fed. R. Civ. P. 12(b)(6)** [#16] filed September 19, 2015, is granted as to negligence claims of the plaintiff other than claims under the Colorado Premises Liability Act;

7. That **Jason and Stacie Schuh's Joinder in Defendants S & F Holdings LLC DBA  Willow Ridge Manor and Gregory Sargowicki's Motion to Dismiss for Failure to State a Claim Pursuant to Fed. R. Civ. P. 12(b)(6)** [#25] filed September

29, 2014, is denied as to negligence claims of the plaintiff under the Colorado Premises Liability Act;

8. That **Jason and Stacie Schuh's Joinder in Defendants S & F Holdings LLC DBA Willow Ridge Manor and Gregory Sargowicki's Motion to Dismiss for Failure to State a Claim Pursuant to Fed. R. Civ. P. 12(b)(6)** [#25] filed September 29, 2014, is granted as to negligence claims of the plaintiff other than claims under the Colorado Premises Liability Act; and

9. That the **Plaintiff's Motion to Amend and for Partial Summary Judgment** [#36] filed April 30, 2015, is denied to the extent the plaintiff seeks permission to amend her complaint to add a contract claim and a claim for exemplary damages.

Dated August 6, 2015, at Denver, Colorado.

**BY THE COURT:**

Robert E. Blackburn
United States District Judge