**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 14-cv-02006-REB-MJW

BRIANNA WALTERS,

     Plaintiff,

v.

S & F HOLDINGS LLC, dba "WILLOW RIDGE MANOR," and
GREGORY SARGOWICKI,

     Defendants.

---

**ORDER OVERRULING OBJECTIONS TO AND ADOPTING
RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

---

**Blackburn, J.**

     The matters before me are (1) the **Plaintiff's Motion for Sanctions to Strike**

**Defendants Pleadings and Appearances for Perjury and Discovery Abuse** [#45][1]

filed July 10, 2015; and (2) the corresponding **Recommendation on Plaintiff's Motion**

**for Sanctions to Strike Defendants [*Sic*] Pleadings and Appearances for Perjury**

**and Discovery Abuse (Docket No. 45)** [#50] filed July 29, 2015.  The plaintiff filed

objections [#48] to the recommendation.  I overrule the objections, approve and adopt

the recommendation, and deny the motion for sanctions.

     As required by 28 U.S.C. § 636(b), I have reviewed *de novo* all portions of the

recommendation to which objections have been filed.  I have considered carefully the

---

    [1]  "[#45]" is an example of the convention I use to identify the docket number assigned to a
specific paper by the court's case management and electronic case filing system (CM/ECF). I use this
convention throughout this order.

recommendation, objections, and applicable caselaw, as well as the arguments raised and authorities cited by the parties both in their original briefs and in the objections

This case concerns a rattlesnake bite suffered by the plaintiff, Brianna Walters, while she was at Willow Ridge Manor, a property owned by the defendants.  Ms. Walters seeks sanctions against the defendants because defendant Gregory Sargowicki has testified that, prior to the incident at issue in this case, he had never seen a rattlesnake at Willow Ridge Manor.  According to Ms. Walters, Mr. Sargowicki also has testified that he never warned other guests at Willow Ridge Manor about rattlesnakes.

Ms. Walters says she has obtained photos and statements from other Willow Ridge Manor guests which contradict these statements by Mr. Sargowicki.  Based on these conflicting statements, Ms. Walters asks the court to find that Mr. Sargowicki has committed perjury repeatedly.

She also contends the defendants provided in discovery 5,000 pages of documents in which certain relevant information was found by the plaintiff.  The plaintiff claims the volume of this document discovery and the timing of its delivery constitute discovery abuse.  Ms. Walters asks that the pleadings of the defendants be stricken and default judgment entered against them.

The magistrate judge recommends that the motion for sanctions be denied. First, the fact that some statements by Mr. Sargowicki are in conflict with other evidence does not, by itself, merit sanctions.  To conclude that Mr. Sargowicki committed perjury, I would have to determine that the other witnesses cited by Ms. Walters are inherently credible and Mr. Sargowicki is not.  At this point, such a credibility determination by the court is improper – and premature.

Second, there is no evidence that the defendants provided more documents than Ms. Walters requested in her discovery requests or that the defendants somehow buried evidence in their document production.  Finally, Ms. Walters has not shown that the defendants somehow prevented her from using effectively the one expert witness she was permitted to designate in this case.

In her objections [#64], Ms. Walters cites a new witness statement which contradicts some statements of Mr. Sargowicki.  This witness statement does not change the calculus concerning sanctions.  Rather, the analysis of the magistrate judge remains appropriate and correct when the new witness statement is considered in the context of the motion of Ms. Walters.  Otherwise, Ms. Walters does not present in her objections [#64] any arguments which undermine the analysis of the magistrate judge.

**THEREFORE, IT IS ORDERED** as follows:

1.  That the objections stated in **Plaintiff's Objection to the Recommendation on Plaintiff's Motion for Sanctions to Strike Defendants** [*Sic*] **Pleadings and Appearances for Perjury and Discovery Abuse** [#64] filed August 7, 2015, are overruled;

2.  That the **Recommendation on Plaintiff's Motion for Sanctions to Strike Defendants** [*Sic*] **Pleadings and Appearances for Perjury and Discovery Abuse (Docket No. 45)** [#50] filed July 29, 2015, is approved and adopted as an order of this court; and

3.   That the **Plaintiff's Motion for Sanctions to Strike Defendants Pleadings and Appearances for Perjury and Discovery Abuse** [#45] filed July 10, 2015, is denied.

Dated August 28, 2015, at Denver, Colorado.

**BY THE COURT:**

Robert E. Blackburn
United States District Judge

4