**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 14-cv-02006-REB-MJW

BRIANNA WALTERS,

    Plaintiff,

v.

S & F HOLDINGS LLC, dba "WILLOW RIDGE MANOR," and
GREGORY SARGOWICKI,

    Defendants.

## ORDER QUASHING SUBPOENA

**Blackburn, J.**

    The matters before me are (1) the **City's Motion To Intervene Solely To Move To Quash Subpoena** [#80][1] filed August 26, 2015; and (2) the **City's Motion To Quash Subpoena** [#81] filed August 26, 2015.  The plaintiff filed a response [#82].  I grant the motions.

    On August 25, 2015, the plaintiff served a subpoena on the office of the Mayor of the City of Denver.  The subpoena requires the presence at the trial of this case of an employee of the City of Denver who works at Red Rocks Park and Amphitheater.  Specifically, the subpoena requires the presence of the "person most knowledgeable about rattlesnakes and rattlesnake warnings, and custodian of records for the park map and pamphlet."  *Motion To Quash*, Exhibit A [#81-1].  The subpoena requires testimony

---

[1] "[#80]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

"regarding rattlesnakes in the area and warnings given about rattlesnakes on the signs" and testimony to authenticate a park map and pamphlets given out by the park. *Id.*

In its motion to quash, the city contends the subpoena should be quashed because it is unduly burdensome. This is true, the city asserts, because the testimony and documents sought are not relevant to the issues in this case. In addition, the city contends some of the testimony sought constitutes expert testimony under Fed. R. Evid. 702. No employee of the City of Denver has been disclosed as an expert witness in this case. In fact, no expert witnesses will be presented in this case. *Final Pretrial Order* [#68], p. 11. The city has offered to provide the documents sought in the subpoena with a written certification of their authenticity.

In her response, the plaintiff, Brianna Walters, says she is not seeking expert testimony from a city witness. Rather, she says she seeks a fact witness to testify about two issues: (1) reasonable steps that can be taken and are taken at Red Rocks Park to warn guests of and protect guests from rattlesnakes; and (2) the frequency of rattlesnake sightings at Red Rocks Park. *Response* [#82], p. 1. Ms. Walters cites evidence that the terrain at the site where she was bitten by a rattlesnake is similar to the terrain at Red Rocks Park. She contends that evidence of "what Red Rocks Park and Amphitheater does will show the appropriate and reasonable steps that can be and are taken to warn and protect guests from rattlesnakes in the area." *Id.*, p. 2. Ms. Walters claims the defendants knew or should have known of the danger of rattlesnakes on their property and unreasonably failed to warn or protect Ms. Walters from that danger.

Given these circumstances, I find and conclude that the subpoena is unduly burdensome and improperly seeks disclosure of the opinion of an unretained expert, in violation of Fed. R. Civ. P. 45(d)(3)(A)(iv) and 45(d)(3)(B)(ii). First, much of the testimony

addressed in the subpoena constitutes expert testimony. Testimony which identifies particular snakes observed at Red Rocks as rattlesnakes, as opposed to another species of snake, necessarily is testimony based on specialized knowledge. Such snake identification is beyond common or ordinary knowledge and experience. By definition, testimony based on specialized knowledge – knowledge beyond common or ordinary knowledge and experience – constitutes expert testimony. Fed. R. Evid. 701, 702. Similarly, testimony which describes appropriate and reasonable steps which can be taken to protect against rattlesnakes necessarily involves specialized knowledge about rattlesnakes and protective techniques that are effective, as opposed to ineffective, with regard to rattlesnakes. To this extent, the subpoena seeks to compel the testimony of an unretained expert, in violation of Fed. R. Civ. P. 45(d)(3)(B)(ii).

Second, the relevance of the testimony and documents sought in the subpoena is dubious at best. The testimony of any Red Rocks witness would be limited to fact testimony by a lay witness. In this case, the relevance of such lay testimony is extremely attenuated. Evidence is relevant if it has any tendency to make a fact more or less probable and "the fact is of consequence" in the case in question. Fed. R. Evid. 401. Ms. Walters identifies two facts which she says are of consequence in this action and are made more or less probable by the evidence in question. Those facts are the purportedly appropriate and reasonable steps that can be taken to warn of rattlesnakes and appropriate and reasonable measures that can be taken to protect against rattlesnakes. *Response* [#82], p. 2. The plaintiff does not cite any particular warnings or protective measures used at Red Rocks.

The effectiveness of particular warnings often is within the bounds of common knowledge and experience. However, the warnings or absence of warnings at issue in this

3

case readily can be evaluated by a lay jury without the purported aid of a witness testifying about warnings used at a different location with different circumstances. Notably, Ms. Walters cites no particular warnings used at Red Rocks in an effort to demonstrate the relevance of this evidence. Expert testimony about the effectiveness of protective measures conceivably could be relevant, but no such testimony is available in this case. Lay testimony about protective measures purportedly used at Red Rocks, without an assessment of their effectiveness, would do little if anything to inform the jury about reasonable, available, and effective protective measures.

To the extent any of this evidence may have some tenuous relevance and probative value, I find and conclude that any probative value is substantially outweighed by the dangers of undue delay and waste of time. Fed. R. Evid. 403; *see also* Fed. R. Evid. 611(a)(2). At most, a lay witness who is employed at Red Rocks could provide only small bits of lay testimony with only oblique relevance to this case. Presenting such testimony would needlessly delay the presentation of truly relevant evidence and would waste the time of the jury, the parties, and the court.

Similarly, Ms. Walters has not shown that the Red Rocks map and pamphlets she seeks are relevant to this case. She cites no rattlesnake warnings contained in those documents and nothing about protective measures addressed in those documents. Ms. Walters has not shown that these documents have any tendency to make a consequential fact more or less probable.

It is unduly burdensome to require the City of Denver to provide a city employee who is knowledgeable about operations at Red Rocks to provide (1) testimony that is inadmissible because it would be expert opinion testimony by an unretained expert; and (2) of no relevance or only very limited relevance to this case. Similarly, it is unduly

4

burdensome to require the City of Denver to provide documents concerning Red Rocks the relevance of which has not been demonstrated by Ms. Walters. Thus, the motion to quash must be granted.

**THEREFORE, IT IS ORDERED** as followed:

1. That the **City's Motion To Intervene Solely To Move To Quash Subpoena** [#80] filed August 26, 2015, is granted;

2. That the **City's Motion To Quash Subpoena** [#81] filed August 26, 2015, is granted;

3. That the subpoena served on the office of the Mayor of the City of Denver, shown at Exhibit A [#81-1] to the motion to quash [#81], is quashed; and

4. That the City of Denver is relieved of all obligations under the subpoena.

Dated August 28, 2015, at Denver, Colorado.

                        **BY THE COURT:**

*Bob Blackburn*
Robert E. Blackburn
United States District Judge